IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WESLEY ALAN SPRING,

    Petitioner,

v.                                      CASE NO. 5:13-cv-01-RV-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 Bay County guilty-plea convictions of seven offenses (two counts of robbery, two counts of battery, burglary, credit card fraud, and grand theft). Doc. 1. Respondent filed a motion to dismiss the Petition as time-barred, and the Court ordered Petitioner to show cause as to why the motion should not be granted. Docs. 20, 21. Petitioner filed a response, Doc. 23, and a motion for an evidentiary hearing. For the following reasons, the undersigned recommends that the motion for an evidentiary hearing be denied, and that Respondent's motion to dismiss be granted and the Petition dismissed.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and

may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records. Petitioner and his counsel executed a "Plea, Waiver, and Consent" attesting under penalty of perjury that Petitioner was in full command of his normal faculties, was not suffering from mental illness, and had a clear understanding of the proceedings. R. Exh. B. Petitioner's plea colloquy reflects that the state court found his plea to the above six counts to be voluntary, knowing, and intelligent. R. Exh. B. He was sentenced to 30 years in a combination of concurrent and consecutive sentences. His appellate counsel moved to withdraw from the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the basis that there were no nonfrivolous grounds for appeal. The First DCA affirmed without opinion on May 19, 2006. App. Exh. E. *Spring v. State*, 929 So.3d 1059 (Fla.1st DCA 2010).

In July 2006, Petitioner moved under Fla. R. Crim. P. 3.800(c) for mitigation of sentence, arguing that his sentence placed an unreasonable emotional and financial burden on his family. Petitioner did not argue that he was not competent to enter a guilty plea. That motion was denied in October 2006. App. Exh. F.

On March 27, 2008, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. Petitioner argued, *inter alia*, that his plea was not voluntary due to a learning disability. The documents appended to the motion reflect that Plaintiff was identified as having a speech/language impairment in elementary school. The state

court denied the motion without an evidentiary hearing, finding that the transcript from the plea and sentence colloquy reflected that Petitioner was pleading guilty because he wanted to avoid the maximum sentence for his offenses, and that he fully understood the consequences of his plea. The court found, based on the record, that Petitioner's plea was knowing, intelligent, and voluntary. App. Exh. G. The First DCA affirmed without opinion and denied rehearing, with the mandate issuing July 17, 2009. App. Exh. L.

Petitioner submitted a certiorari petition to the U.S. Supreme Court on December 16, 2010. App. Exh. N. The petition was denied February 22, 2011. App. Exh. O. While his certiorari petition was pending, Petitioner submitted a Fla. R. Crim. P. 3.800(a) motion to correct sentence on May 31, 2010. The motion was denied June 11, 2010. App. Exh. P. The First DCA affirmed without opinion; the mandate followed on November 9, 2010. App. Exh. Q.

On February 16, 2012, Petitioner filed a second rule 3.850 motion asserting that he was entitled to postconviction relief because he is legally mentally retarded and therefore was incompetent to enter a plea. App. Exh. R. The motion was dismissed as untimely. App. Exh. S. Petitioner did not appeal.

On February 15, 2013, Petitioner submitted a second Rule 3.800(a) motion. App. Exh. T. The motion was dismissed as successive and frivolous. App. Exh. U.

Petitioner's conviction became final on or about August 19, 2006, following the affirmance of his conviction and after the 90-day period for filing a petition for a writ of certiorari in the U.S. Supreme Court elapsed. Although Petitioner filed a Rule 3.800(c) motion for discretionary mitigation of his sentence in July 2006, such a motion is not a

tolling motion under 28 U.S.C § 2244(d)(2). *Alexander v. Sec'y DOC*, 523 F.3d 1291, 1297 (11th Cir.2008) ("Based on the language of §2244(d)(2) and our prior precedent interpreting §2244(d)(2), we conclude that Alexander's 3.800(c) motion was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under §2244(d)(2) and thus did not toll the limitations period."). Thus, Petitioner had until one year after August 19, 2006, until on or about August 20, 2007, to file a federal habeas petition. Petitioner filed nothing further in the state court until March 27, 2008 (App. Exh. G), but at that point the federal limitations period had expired and none of Petitioner's subsequent filings served to toll the limitations period. *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000)(even "properly filed" state-court petitions must be "pending" in order to toll the limitations period).

In his motion, Doc. 23, Petitioner contends that he is entitled to an evidentiary hearing on the issue of whether the limitations period should be equitably tolled on the basis that he is mentally retarded. Petitioner conclusionally alleges that he is mentally retarded due to an IQ of 60, and that his school records "attest" to his retardation. Doc. 23.

> Pursuant to 28 U.S.C § 2254:
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on–

. . . .

>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In this case, Petitioner's conclusional assertion that he is mentally retarded and therefore was incompetent to enter a plea is insufficient to rebut the state court's finding that his plea was knowingly, voluntarily, and intelligently made. *See* 28 U.S.C § 2254(e)(1). Further, Petitioner failed to develop this claim in the state court. He is not entitled to an evidentiary hearing on this claim because he has failed to satisfy any of the requirements of 28 U.S.C § 2254(e)(2).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Although Petitioner conclusionally alleges he is entitled to equitable tolling of the

limitations period, he has wholly failed to demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing of his federal habeas petition. Notwithstanding his conclusional claim of mental retardation, the state court record reflects that he was able to timely pursue his rights in challenging the voluntariness of his plea. Under these circumstances, Petitioner's motion for an evidentiary hearing and equitable tolling, Doc. 23, should be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

The motion to dismiss the Petition as time-barred, Doc. 20 should be **GRANTED**; the petition should be dismissed with prejudice; the motion for evidentiary hearing, Doc. 23, should be **DENIED**; and a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 24th day of January 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.